Good morning. Welcome back to the court. Thank you very much. Please proceed. Your Honor, the Court of Appeals for Veterans Claims denied Mr. Davis' EJ application on the grounds that he was not a prevailing party. The legal standard which the court applied in this case was that his merit remand order did not contain a specific finding of administrative error. Even if it's appropriate to allow fees where the Veterans Court has not explicitly found board error, wouldn't we have to find an implicit conclusion of board error in the Veterans Court opinion? Yes, sir. I believe that… Okay, so then that might narrow the focus quite a bit. What words used by Judge Ivers when he remanded would force us to the conclusion that implicitly he's saying the reason I'm sending this back is because the first time they did it, the board committed error? I may have misunderstood your first question, Your Honor. What Mr. Davis says and what I believe the case law supports is that the determination of whether the case was remanded because of the administrative error is not limited to the four corners of the merit remand order, but rather the court looks at the entire record of the proceedings. Well, I don't quite know what that means. It seems to me the place we need to start is what did Judge Ivers say about why he was remanding it back to the Veterans Board? That's a very short order. It's not even really an opinion. It's labeled in order and it's just about one page long in the critical language, just a couple sentences. The critical language, I believe, is at the bottom of page 53 in the appendix, next to the last page of the appendix. It's remanded because the application of 4.15 requires a determination of fact. The court cannot make that determination of fact. We all know that fact finding isn't supposed to be done by appellate courts, Veterans Court or this court or any other appellate court, but couldn't Judge Ivers have concluded that it was unclear whether the board had applied 4.15 together with 4.16 and therefore he was going to send it back to them because of that unclarity? I don't think so, Your Honor. I don't think that the CAVC has authority to vacate a board decision and remand without a finding of error, except for a very narrow circumstance that's not present in this case. Well, how about if the opinion is so opaque that it's unreviewable? The Court of Appeals for Veterans Claims simply can't tell whether or not there was error because the explanation by the board in its opinion was so terse as to be unilluminated. Well, then the error in that case, Your Honor, would be the violation of 7104A and D1, which requires the board to adequately address in its opinion all material facts and to apply all relevant law. If the board has issued a decision which is so inadequate that it's incapable of review, the error of the board is based on 7104A and D. Well, what I'm contemplating is an opaque opinion where I'm going to say I'm the Veterans Court judge. I'm going to send it back and say expand on your opinion board because I can't follow what the heck you're saying, but don't have another hearing because you already had the hearing. Don't change the record. You already assembled the record. Just explain a little more fully how you walked through this case and came to your decision. That would not be a remand based on my having concluded that there was administrative error in the conduct of the proceeding or in the bottom line result. Don't you agree? No, I would not, Your Honor. 7104D and 7104A impose on the board an affirmative duty. It's not discretionary. The board has to adequately explain its decision. It has to address the material facts presented on the record. It has to address all potentially relevant law and statutes and regulations. So you're saying it's error per se to fail to explain well enough? It is administrative error, yes. Ms. Booth, which remand is our focus here? The remand from the Federal Circuit or from the Veterans Court? From the Veterans Court, Your Honor. The remand from the Federal Circuit, I believe, would be most analogous to Hanrahan and Hewitt where an appellate court has vacated a motion to dismiss. That remand from this court was more in the nature of an interlocutory order granting relief regarding the proper construction of the law. That in itself did not get Mr. Davis the success or the merits of his case that's required, success or the merits of his judicial appeal that is required to establish the prevailing party status. That remand order didn't give him an enforceable judgment. The remand order from Judge Ivers back to the board instructing the board to make its factual determinations in light of 4.15 and its applicability to all TDIU adjudications as this court held, that gave Mr. Davis his relief on the merits because it gave him the enforceable judgment, the judicial imprimatur contemplated by Buckhannon. To compel the VA to do that which it had not done for almost nine years of administrative proceedings. Well, how do we know that the board didn't consider 4.15 even though its opinion may not have made that explicit? Well, there are either two possibilities, but either one of them is administrative error, Your Honor. The board actually made a finding, and the parties kind of quarreled about this below, but the board did not at any place in its decision, and I'm looking at page 27 of the appendix. The board did not at any place acknowledge or address 4.15. This court, of course, said you must in all TDIU adjudications consider the 4.15 criteria. The board, where the parties quarreled about whether the board nevertheless considered it was that the board quoted the Shafrath language that obliges the board to consider all potentially applicable provisions of the regulation of Title 38, regardless of whether they've been raised by the veteran or not, and then concluded that nevertheless the evidence was against the claim. So if we assume that the board nevertheless considered 4.15, it rendered a decision that was so inadequate under 7104 that it was incapable of judicial review. If we assume that the board did not consider 4.15 because nowhere in here does it address how it considered it or why it thinks it not to be relevant, then again, the board decision is inadequate because either it failed to consider an applicable law or it failed to explain how it did. Now, how about the motion? In this case, as I recall, you filed a motion for remand, and the secretary resisted remand. And even though the relief of remand was afforded, your motion was not granted. It was denied. Now, as I recall, you said, court, you've got to remand because it was administrative error. And the court said deny. But then they turned around and said, but we do remand, and we're going to reopen the record. So I'm trying to fit these things together. The secretary is saying no administrative error. You're saying in your motion there is administrative error. Your motion gets denied. The court nevertheless remands, but says nothing about I find that there was administrative error. So where does it all leave us when we put all that together? I can't explain why the Veterans Court denied the motion for remand. The fact of the matter is it granted precisely the relief that motion sought. Right, but what we don't know is what the basis was. If the court had said, well, I deny the motion, but sua sponte, I'm going to remand, and I'm finding that there was administrative error, you would win for sure. But where the relief of remand is given, but the basis of remanding it is not explicitly or maybe not even implicitly a conclusion of administrative error, then you don't seem to be a prevailing party. Well, that's where I would disagree, Your Honor. I think that brings us back full circle to the real question left standing after Kelly, and even Kelly implicitly addressed this, is does the finding of administrative error, must it be contained in the four corners of the remand? We already know the answer to that. No, it doesn't, but it has to be clearly stated somewhere by somebody. In Kelly, it was by our court. We held that there was administrative error, and you got the benefit of that, or the lawyer of the case got the benefit of that. But in this case, the Federal Circuit, when it remanded to the Veterans Court, didn't find administrative error, and when the Veterans Court remanded to the board, it didn't find in any kind of a clear or explicit way administrative error, so we're left to sort of guess what the basis of the remand was. Why shouldn't the rule be that if it isn't clear in some court ruling that a tribunal found administrative error, there should be a presumption that it's being remanded for some other reason, not because of administrative error? Well, that's not consistent with what this court has done in reviewing whether or not there is administrative error, or whether a party is a prevailing party within the meaning of the aegis. Kelly is one example of that, in which the court, even though CAVC did not make a specific finding of administrative error, this court looked at what the Veterans Court did, looked at what the affirmative duty of the agency was, and said, because there was no compliance with the statute, that had to have been error. But in a case like yours, where no court has found administrative error, why shouldn't the presumption be that the reason for the remand is not administrative error? Well, this case, Your Honor, is in the very same position that Kelly was on that point when it was heard by Your Honors. At that point, there had been no finding, no explicit finding of administrative error. And we made none on appeal either. No, I'm sorry, I'm speaking with respect to the aegis appeal. In the context of that case, the Kelly decision was issued just two or three weeks ago. Indeed, this court did find that the administrative error was the board's failure to consider all, to comply with 5107B and consider all material facts presented on the record. That was sufficient. That affirmative duty and the fact that the board did not comply with it was the administrative error. We first got that finding in the aegis decision from this court. I would note that Kelly, in addition to Kelly, this court has done that analysis in another case. You're asking us, in this very appeal, to make the otherwise missing finding that the board decision denying relief, the original board decision, was infected by administrative error. Well, what we're asking is that the veterans court's legal standard that requires that finding of administrative error to be inserted into the four corners of the merits remand, where it really isn't relevant to anything at that point. It's not relevant to whether the veteran's entitled to relief. That's an incorrect legal test. The legal test ought to be what Kelly has. I'm not asking what you want us to do. I understand you to be saying, in your opinion, in this case, this appeal, where aegis is the only issue, we should find that there was administrative error. We certainly wouldn't turn that down, Your Honor. But what we're asking for is for the court to disavow the veterans court's layering on of another legal criterion. And that is that even if you meet all of the Kelly criteria, which are based on Motorola, which goes back to Schaefer, even if you meet every one of those under the current law of the veterans court, if the single judge decision making that decision, making the merits decision, doesn't leap ahead and make the aegis administrative error finding, then the veteran's not a prevailing party. This court made that similar analysis also in the Rice case. It worked out much better for the government in that case, but the court did the same procedure. In the Rice case, the court looked behind what the court below ordered. It directed the government to take particular action. The court looked outside the record and said, this is really just an in-run around the catalyst theory. You can't write yourself around the Supreme Court's Buchanan decision by the semantics you use in your order. This court thus did the same thing. It went outside the four corners of the order to consider the record. All right. Thank you. All of your time has expired, but we'll give you back two minutes of rebuttal, and we'll hear from Ms. Keneally. Thank you, Your Honor. Good morning. Welcome. Good morning. May it please the court, this court should affirm the decision of the Court of Appeals for veterans claims denying the petitioner's request for aegis fees. Well, if Judge Ivers was not remanding because of administrative error, what do you suggest did cause him to remand? Well, Your Honor, I think it was two things. One, in order to, as you had stated, ensure that the board had applied the factors required under 4.15, and the board did apply those factors. And two, the remand... Whoa, whoa, whoa. Wait a minute. If Judge Ivers thought that the board had applied the required factors, then rather than remanding, he should affirm, right? Well, if he wasn't sure, or if he felt that it could be expanded, then it is appropriate for him to have remanded. If he thought that... Whoa, whoa, whoa. Stick with me here. He reopened the record. He invited the veteran to put in more evidence, and perhaps the secretary as well. That's correct, Your Honor, and that was the second reason... Whoa, whoa, whoa. Wait a minute. Stick with me. Was there some proffer of new evidence? There was, Your Honor. Before Ivers and the first Veterans Court decision? There was, Your Honor. What happened was, while the decision was pending before this court of the TDIU claim, Mr. Davis filed another TDIU claim with the agency for the exact same benefits. When the claim here was remanded back to the Veterans Court, and then the Veterans Court remanded back to the board, the board dismissed Mr. Davis' second TDIU claim because it saw that his first claim was coming back. When the board readdressed or addressed the Veterans Court's remand, it actually remanded back to the RO to consider the additional evidence that Mr. Davis had submitted with the second TDIU claim. It was because of that additional evidence that the benefits were eventually awarded. So then this is just like the case, I think, actually the opinion was written by Judge Rader, where somebody wasn't a prevailing party because it was clear that the remand was not because of administrative error, but only because of the existence of new evidence. That's correct, Your Honor. I didn't see that in your brief. I thought I read your brief kind of carefully, but I didn't see that you were saying, oh, this is just like the cases where there's a change in law, one of the known circumstances, or there's newly discovered evidence. The other, and therefore contrary to suggesting administrative error, it suggests the lack of administrative error because the only reason for remand is something new has happened. Two things, Your Honor. We did argue that this case is similar to the cases, the situations in Vaughan and in Sumner and in Hanoran, because all that was received on the remand in this case was a procedural victory, and it was an intermediate step. This case is very similar to the situation in Akers and Burdell, where all Mr. Davis really received was another chance to argue his claim, another chance to get back into the ring. He did not receive any relief upon the merits, and there was no change in the legal relationship of the parties. Well, except, as I understand it, there's virtually never an award of money by the Veterans Court, that the best the veteran can do is to get some sort of further hearing in front of the board, which, unlike the Veterans Court, does have fact-finding and relief-granting authority. That's correct, Your Honor. If the Veterans Court had remanded, stating that the board had failed to follow Section 4.15 or had somehow ignored its own regulations, that would have conferred prevailing party status upon Mr. Davis, but that's not what happened here. What happened here is we have, one, the Veterans Court denying Mr. Davis' motion to remand on the basis of board error and sua sponte remanding for further factual determination. About what? Something which the board actually already addressed in its opinion, but as we've already discussed here today, the Veterans Court allowed the reopening of the record for the board to expand or clarify its reasoning, and also for Mr. Davis to submit additional evidence, which he did. It's the additional evidence that leads to the benefits, then? That's correct, Your Honor. Well, how come you didn't give us this other proceeding that included the new evidence that was, in effect, joined with this case when this case was remanded? I don't recall reading anything in your brief at all about there being a second TDIU appeal by Mr. Davis that involved new evidence that was, in effect, merged with this particular TDIU claim. Well, Your Honor, the reason for that is what's important here is the remand from the Veterans Court to the board and whether that remand was based upon administrative error. And in this case, the remand does not state that it was based upon administrative error. And the fact that the Veterans Court denied Mr. Davis' motion to remand on the basis of administrative error shows that that's not the reason for the remand. But it seems like you could have strengthened your case considerably by saying, we know it's not administrative error because the real basis for the final award is the evidence provided in this second filing. That would have certainly helped me considerably. That may be correct, Your Honor. All right. Anything further? Just one last point, Your Honors. Mr. Davis relies heavily upon Kelly to support his petition. And one, we believe Kelly is distinguishable from this case. And two, with all due respect to the court, we disagree with the decision in Kelly. And the office is considering a petition for rehearing and bonk in that case. And one more last point, Your Honors. Wait a minute. Don't jump off the point so fast. Do you not agree that pending a potential rehearing and bank at which Kelly might be changed, that this panel must follow Kelly? We would agree that Kelly is precedent until it is changed. That's correct, Your Honor. How do you distinguish Kelly? We would distinguish Kelly by the fact that in Kelly, this court found that there was administrative error. And in this case, there is no evidence of administrative error. This court didn't find administrative error when it remanded back to the Veterans Court. And the Veterans Court did not find administrative error when it remanded to the board. All right. Thank you, Ms. Connealy. Just one quick question. On what basis can this court find administrative error on things that weren't so declared earlier to be administrative error? On no basis, Your Honor. It's outside the jurisdiction of this court to make the determination. You mean we'd have to go into the facts to find out. That's correct, Your Honor. And the factual determinations are beyond the jurisdiction of this court. Exactly. And that is what happened in Kelly. Thank you. Thank you, ma'am. All right. Now, Ms. Booth, two minutes for sure. Thank you very much. And maybe longer if needed. Would you address the new evidence idea? Because this seems like if it's accurate or if I'm hearing it right, it's a slam dunk that it was not administrative error. But on the contrary, the existence of newly proffered evidence that was, quote, the cause of the remand. Your Honor, I would disagree with that, but I would be glad to address the new material evidence issue. Under Kelly, under Buchanan, under Schaefer, Motorola, the prevailing party analysis is made by looking at the judgment, the enforceable judgment that the veteran receives from the veterans court. That judgment was a judgment on the merits for him because it gave him, unlike, for example, a motion to dismiss, which gets vacated, the judgment the veterans court gave him was an enforceable judgment by which he could compel VA to consider his claim under the correct legal standard, which included the 4.15 criteria. VA had never done that before, resisted doing that throughout four years of litigation. The new material evidence, while the claim was pending, because of Mr. Davis' age, he was in his late 80s at that point and very poor health, I reopened his claim by obtaining a vocational report and submitting that to the regional office. The regional office, despite that vocational report, denied reopening. We appealed that. That claim going up collided with the remand coming down from the CAVC when they both hit the board at about the same time, remarkably good timing. The board then dismissed the second claim because it was essentially duplicator. Once the CAVC had vacated the board's denial, the whole thing was reopened anyway. So at that point, the board, and I incorrectly said in my brief that the board granted the claim. In fact, I apologize for that. It was granted on remand, but it was remanded to the regional office, which granted the TDIU effective back to the original date. Are you saying, in essence, that here, in your view, there was both important new evidence and a reason to conclude that administrative error had occurred? You're saying both things occurred? New evidence was submitted, but, Your Honor, the claim was not granted on the basis of the new evidence. It's not even considered or discussed in the rating decision. It's irrelevant, though, to the question of whether there was administrative error sufficient to support a CAVC remand because the prevailing party analysis— But if Judge Ivers was unaware of this new evidence, why would he have directed that on the remand the record be reopened and expanded? I don't— Well, typically, any time there is a vacator, Your Honor, the veteran always is entitled to submit additional evidence. And particularly in that case, there would also be an issue of whether or not the VA had to develop additional evidence since it had not, at least facially, ever considered the 4.15 issue. That's pretty routine order, routine language. But the vacator, going back to the point of whether or not there was error in that decision, the question is not whether there was administrative error. The question for this Court is whether the Veterans Court may deny the prevailing party status on the basis of not making that finding within the merit remand order. And that's what is contrary to the legal standard announced in Kelly. And frankly, I can't find any court decision in this country that supports limiting the prevailing party standard to the four corners of the remand order, the merit remand order. All right. I think it's carefully framed by both lawyers in a very fine argument and briefs that also illuminate the issues. Thank you very much. We'll take the case under advice.